Marsh v. The City of Oregon.

MARSH v. THE CITY OF OREGON, *Appellant*.

DIVISION ONE.

1. City of Fourth Class: WIDENING ALLEY: NOTICE. It is not necessary in widening an alley in a city of the fourth class, under Revised Statutes, 1879, section 4940, that notice thereof be given.

2. ——— : ——— : ———. The proviso contained in Revised Statutes, 1879, section 4942, requiring notice in certain cases *held* not to apply to a case of merely widening an alley.

*Appeal from Holt Circuit Court.*—Hon. C. A. Anthony, Judge.

Affirmed.

*Daniel Zook* for appellant.

The law was not complied with in the condemnation p oceedings. The proviso in Revised Statutes, 1879, section 4942, was not observed. The law which authorizes the taking of private property for public use must be strictly construed. *Attorney General v. Water Works Co.*, Fitzgibbon, 195; *Belcher, etc., v. St. Louis, etc.*, 82 Mo. 121; *Anderson v. Pemberton*, 89 Mo. 61. A void condemnation is collaterally assailable. *Fisher v. Monks*, 43 Mo. 520.

*T. C. Dungan* for respondent.

(1) The condemnation proceedings were in strict compliance with the terms and provisions of the ordinance, and no notice of the intended passage of such ordinance was necessary. R. S. 1879, sec. 4940. It is clearly within the power of the city to pass such an ordinance, and the notice prescribed by the ordinance was all that was necessary. If the damages were unsatisfactory or insufficient appellant had her right of appeal, as prescribed by said section 4940. (2) Section 4942, Revised Statutes, 1879, has nothing to do whatever with condemnation proceedings in taking private property for public use, but has application only where it is sought to destroy or restrict rights acquired by individuals or the public in streets or alleys already dedicated or established. In the one case the party injured has redress in damages to be assessed before his rights are invaded ; while in the other he may have no remedy, or only be damaged in common with the public in general after the passage of such ordinance ; hence the necessity of requiring notice of the

intended vacation or change. (3) The instructions given for respondent were right and proper, and more favorable to appellant than they should have been. The proof of compliance with the law and the ordinance was undisputed and conclusive, and the court should have instructed the jury to find for the defendant. (4) The trial court rightly refused appellant's instructions, numbered 1 and 2, and properly overruled appellant's motion for a new trial and in arrest of judgment, as all went to the only point urged there and here, viz., the necessity of the publication of notice of the intended change or vacation four weeks, successively, before the passage of the ordinance.

BRACE, J.—This is an action in ejectment. On the trial it was admitted that plaintiff was the owner of the premises in controversy and entitled to the possession, unless her right was divested by the condemnation proceedings given in evidence. The judgment was for the defendant, and the plaintiff appeals. The defendant is a city of the fourth class; the strip of land in controversy was condemned and taken for the purpose of widening an alley in said city by virtue of an ordinance thereof. The only point made against the condemnation proceedings is that no notice was given of the intention to pass the ordinance widening said alley.

By section 4932, Revised Statutes, 1879, of the act in regard to cities of the fourth class (amended Acts of 1883, p. 37) power is given to the mayor and board of aldermen of such cities to extend the corporate limits thereof with the consent of a majority of the legal voters of such city voting therefor at an election to be held in accordance with the general election law of the state upon such notice, and at such time and place as may be prescribed by ordinance.

By section 4940, power is given to the mayor and board of aldermen by ordinance "to pass ordinances,

and to locate and lay out new streets and alleys to establish their grade, and to widen streets and alleys heretofore laid out," and prescribes the proceeding by which private property may be condemned for that purpose. The proceedings of condemnation were had in conformity with provisions of this section, which does not require any election to be held or notice to be given of the passage of the ordinance under its provisions.

By section 4942, power is given the board of aldermen by ordinance to levy and collect a special tax for the improvement of its streets and alleys, and, after providing the manner in which it shall be levied and collected, concludes with the following provision unrelated to the matter previously treated of in the section: "The board of aldermen shall have the power, by ordinance, to vacate any alley, road, street or avenue, or any part thereof, within the city limits; provided, that notice of the intended change of the limits of such city, or of the opening, locating, vacating or changing of any street, alley, ward or avenue in such a city be given by publication for four weeks successively next preceding the day of such election."

When the whole scope and tenor of the act is considered, it is perhaps impossible to tell what the legislature really did mean by this incongruous *proviso*, nor shall we attempt to discern that meaning further than is necessary to the decision of the case in hand, in view of the fact that in the recent revision the act has been so amended as to relieve it to some extent of the obscurity cast upon it by this *proviso*. R. S. 1889, sec. 1592. We see no way of giving it force and making it consistent with the other provisions of the act except by restricting its limitations to the power granted in the clause immediately preceding it in the same section, and to which it is appended, which we may well do. Endlich on Con. of Statutes, sec. 186. This construction is more readily adopted as a correct interpretation of the meaning of the legislature from the fact that it is in harmony

with its meaning as expressed in the amended act. Thus restricted the notice mentioned in the proviso, whatever that notice may be construed to be, would only be required in a case where it was proposed to "vacate an alley, road, street or avenue, or any part thereof, within the city limits," and as by the ordinance in question the existing alley was not vacated, or its location changed, but simply widened, the express authority given the city in section 4940 was not limited by that proviso.

The judgment is affirmed. All concur, except BAR-CLAY, J., absent.