The State v. Pettit.

THE STATE v. PETTIT, *Appellant.*

Division Two, January 31, 1894.

1. **Criminal Law:** MANSLAUGHTER: APPEAL: VERDICT. A verdict of conviction of manslaughter will not be disturbed on appeal, where there is some evidence to support it.

2. ———: EVIDENCE: CHARACTER OF DECEASED. The character of the deceased for peacefulness should be confined to the time of the homicide which is the subject of the inquiry.

3. ———: INSTRUCTION. An instruction which is unintelligible although arising from an oversight in framing it and which may have misled the jury, will cause a reversal.

4. ———: MANSLAUGHTER: INSTRUCTION. It is proper on a trial for manslaughter to charge that if the defendant sought or brought on the difficulty for the purpose of wreaking his vengeance on the deceased or by any willful act of his own, there is no self-defense in the case.

5. ————: MANSLAUGHTER IN THIRD DEGREE. Where the killing is done with a deadly weapon and there was an intent to kill, there is no manslaughter in the third degree. (*State v. Talmage*, 107 Mo. 543, *overruled.*)

*Appeal from Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*E. E. Aleshire, J. L. McCullough* and *J. W. Peery* for appellant.

(1) The verdict is contrary to the evidence. The testimony of every person who saw the commencement of the difficulty, clearly shows that it was a justifiable homicide. When the evidence is so conclusive upon that question as in this case, this court should reverse the judgment even if other errors did not intervene. *State v. Packwood*, 26 Mo. 340; *State v. Primm*, 98 Mo. 373; *State v. Castor*, 93 Mo. 242; *State v. Jaeger*, 66 Mo. 173; *State v. Brossius*, 39 Mo. 534; *State v. Daubert*, 42 Mo. 238; *State v. Mansfield*, 41 Mo. 470; *State v. Burgdorf*, 53 Mo. 65; *State v. McNamara*, 100 Mo. 117; *State v. Rector*, 23 S. W. Rep. 1074. (2) The court erred in permitting the state to prove the character of the deceased before he left this state, ten years before his death, and when he was a mere boy, nineteen years of age. This evidence did not in the remotest degree, tend to prove the kind of man he was after having lived in the west for ten years. *State v. Parker*, 96 Mo. 389; *Waddingham v. Hulett*, 92 Mo. 528; Whar. Crim. Ev., sec. 487. (3) Manifest error was committed in giving the sixth instruction for the state, for the reasons: *First.* It is absurd upon its face. It requires the jury to find that the "deceased died in Gentry county, in a heat of passion, without a design to effect death, but in a cruel or unusual manner, etc."

*Second.* It does not define manslaughter in the third degree at all, but on the contrary it defines manslaughter in the second degree. R. S. 1889, secs. 3469–3471; *State v. McNally*, 87 Mo. 658. *Third.* There was no evidence upon which to base an instruction for involuntary manslaughter. *State v. Phillips and Ross*, 24 Mo. 475; *State v. Sloan*, 47 Mo. 615; *State v. Alexander*, 56 Mo. 131; *State v. Lane*, 64 Mo. 324; *State v. Bailey*, 57 Mo. 131; *State v. Alexander*, 66 Mo. 148; *State v. Edwards*, 70 Mo. 480; *State v. Curtis*, 70 Mo. 600; *State v. Johnson*, 76 Mo. 127; *State v. Dunn*, 80 Mo. 681; *State v. Wilson*, 88 Mo. 16; *State v. Watson*, 95 Mo. 411; *State v. Dierberger*, 96 Mo. 666; *State v. Bulling*, 105 Mo. 225; *State v. Lewis*, 23 S. W. Rep. 1082; *State v. Nelson*, 23 S. W. Rep. 1088, 1089; *State v. Turlington*, 102 Mo. 662; *State v. Crabtree*, 111 Mo. 136; *State v. Smith*, 114 Mo. 421; *State v. Tice*, 90 Mo. 112. (4) The court erred in giving instruction number 11 for the state. The evidence wholly failed to show that defendant sought, provoked, or brought on or voluntarily entered into, the affray in which deceased lost his life. On the contrary, the testimony of every man who was looking at the parties at the time, is to the effect that defendant did not see the deceased until the latter commenced the assault. Under the circumstances, the giving of this instruction was wholly unwarranted. *State v. Bailey*, 57 Mo. 131; *State v. Chambers*, 87 Mo. 406; *State v. Harrill*, 97 Mo. 111; *State v. Harrod*, 102 Mo. 590; *State v. McKenzie*, 102 Mo. 620; *State v. Tice*, 90 Mo. 112; *State v. Tabor*, 95 Mo. 593. (5) What right had the state to prove that the deceased had charged defendant with intimacy with his niece? It will of course be conceded that it was proper to show that unfriendly relations existed, but the bringing of this charge into the case, could only have a tendency to excite the prejudice of the jury

against the defendant, and 'the cause of the difficulty, not being material to any issue in the case, its introduction was, we think, prejudicial error. *State v. Parker*, 96 Mo. 389; *State v. Tabor*, 95 Mo. 585; *State v. Jackson*, 95 Mo. 623.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The indictment is sufficient. (2) The instructions cover all the issues in the case and are liberal to the defendant. (3) Instruction number 11 is correct; it does not assume that the defendant sought, brought on, provoked or voluntarily entered into, a difficulty with the deceased. (4) The evidence supports the verdict.

BURGESS, J.—Defendant was indicted in the circuit court of Gentry county, for murder in the first degree in killing with a pistol one David Mize. The venue on application of defendant was changed to the circuit court of Daviess county, where a trial was had and defendant convicted of manslaughter in the third degree. The case is here by appeal.

At the time of the homicide the defendant was city marshal of the city of Stanberry, where it occurred. There had been bad blood between the parties for some time, and they had made threats against each other. The defendant and one of his witnesses testified that on one occasion, some days prior to the homicide, while defendant was on his way home at night, they saw the deceased standing behind an electric light post, apparently waiting for defendant, when, being observed by defendant, he stepped from behind the post with something in his hand like a cane or club, and said to defendant, "come on, you son of a bitch, you don't

have to take any chances." He started towards defendant, when defendant told him to keep his distance. When after making some further threats against defendant, he turned and left. On the next day following, about eleven o'clock A. M., deceased called at the residence of defendant, where they again had some angry words, but no violence was committed. On the same evening they met on the street where the homicide occurred. The witnesses who saw the encounter and those who thereafter first appeared upon the ground where it occurred, differ very materially as to who was the aggressor, some of them stating that deceased was the aggressor, while others stated to the contrary, and that defendant acted in self-defense. Defendant shot deceased three times, from the effects of which he died on the sixteenth day of April, 1891.

The court instructed the jury for murder in the first and second degrees, and manslaughter in the third and fourth degrees.

This court has so often said that where there is some evidence to support the verdict in cases of this kind that a verdict of guilty will not be disturbed, that it is not thought necessary to cite authorities with reference thereto. *State v. Moxley*, 115 Mo. 644. We are not prepared to say that there was no evidence to support the verdict of the jury in this case.

Over the objection of defendant, the state was permitted to prove the reputation of deceased for peace and quietude, both before and after he returned from the state of Kansas, where it seems that he resided for about ten years. He was about nineteen or twenty years of age when he left the neighborhood, in which he then lived, for Kansas, and had only returned about eight or nine months before the homicide was committed. No testimony was offered by the state with respect of the reputation which he bore during

.the ten years of his absence.

The witnesses who testified on this point stated that they were acquainted with the general reputation of deceased for peace ·and quietude in the neighborhood in which he lived at the time of his decease, and, while such knowledge must be acquired by time, and general reputation among people who know and have the opportunity of forming an opinion from their knowledge, there is no rule of law by which the length of time is, or can be fixed, in which such knowledge may be acquired, the length of time in such cases being material only, as to the weight that such testimony should be given by the jury.

In such case the court will not undertake to determine by a preliminary inquiry whether or not the witness has sufficient knowledge of the character of the deceased to enable him to testify with respect thereto. Much is left to the discretion of the court in receiving or rejecting such evidence. 1 Greenleaf on Evidence, sec. 461. The evidence as to the character of deceased before his removal from the state should have been excluded as it was his character for peace and quietude at the time of the tragedy that was the legitimate subject of inquiry. But the case should not be reversed on this ground alone.

The court, at the instance of the state, instructed the jury as follows:

"6. If you believe from the evidence, that the defendant, in Gentry county, on the fifteenth day of April, 1891, shot and mortally wounded David Mize, and that said Mize died from said mortal wound on the sixteenth day of April, 1891, in said county, in the heat of passion, without a design to effect death, but in a cruel and unusual manner, but not under such circumstances as to justify him on the ground of self-defense, then you should find him guilty of man-

slaughter in the third degree, and so state in your
verdict, and assess his punishment at imprisonment in
the penitentiary not less than two, or more than three
years, or by imprisonment in the county jail not less
than six months, nor more than twelve months, or by
a fine of not less than $500, or by both a fine of not
less than $100 and imprisonment in the county jail not
less than three months nor more than twelve months."

This instruction is assailed by counsel for the
defense on the ground that it is unintelligible and
unauthorized by the evidence and facts in the case.
That it is obnoxious to the first objection urged against
it, is apparent from the most casual reading. It tells
the jury that if deceased "died in a heat of passion,
without a design to effect death," etc., that they may
find defendant guilty. This, of course, was an over-
sight, but, nevertheless, the instruction was erroneous,
and may have misled the jury.

Manslaughter in the third degree is defined by
section 3471, Revised Statutes, 1889, as follows: "The
killing of another in a heat of passion, without a design
to effect death, by a dangerous weapon, in any case
except such wherein the killing of another is justifiable
or excusable, shall be deemed manslaughter in the third
degree."

By the plain provisions of this section of the stat-
ute, there can be no such thing as manslaughter in the
third degree when the killing is intentional. The facts
disclosed in the case in hand show that the defendant
either acted in self-defense, or was guilty of murder in
one of its degrees, or manslaughter in the fourth
degree. The killing was with a deadly weapon,
and the shooting done with the intent to kill. There
was no pretense that the shooting was done without a
design to effect death, and it is impossible, under the
facts in proof, that the defendant could have been

guilty of manslaughter in the third degree. *State v. Dunn*, 80 Mo. 681; *State v. Watson*, 95 Mo. 411; *State v. Edwards*, 70 Mo. 480; *State v. Curtis*, 70 Mo. 600.

In so far as the case of the *State v. Talmage*, 107 Mo. 543, announces a different rule from that which is laid down in this opinion, it should be overruled and no longer followed.

The court, in behalf of the state, gave an instruction that, if defendant sought or brought on the difficulty for the purpose of wreaking his vengeance upon deceased, or by any willful act of his own, then there was no self-defense in the case. We think there was sufficient evidence upon which to predicate this instruction, and, as its form has repeatedly met with the approval of this court, there was no error committed in giving it.

The judgment will be reversed and the cause remanded to be tried according to the views herein expressed. All of this division concur.