## THE STATE v. MEALS, Appellant.

Division Two, November 22, 1904.

1. **SEDUCTION: Promise: Covered by Other Instructions.** An error in refusing an instruction in a seduction case to the effect that if the prosecutrix consented to the carnal intercourse "in consideration of a promise of marriage then and there made by defendant that he would marry her, then the jury should acquit defendant," asked by the defendant, is cured by giving another thereafter asked by the defendant substantialy covering the same matters as that refused, or by another given by the court of its own motion substantially telling the jury the same things as did the one refused.

2. ———: **Previous Promise: Operating Promise: General Instruction.** Where there is given one instruction which fully and expressly requires the jury to find every essential fact necessary to constitute the offense of seduction as defined by the statute, another instruction to the effect that if the sexual intercourse on a certain date was the result of an agreement to marry, without any seduction, then there could be no conviction, unless the seduction was the result of a promise previously made, can not be successfully attacked as failing to require the jury to find that the previous promise of marriage operated to accomplish the seduction.

State v. Meals.

3. ———: **Use of Word Defendant Instead of Prosecutrix.** The use of the word "defendant" instead of "prosecutrix," in these words in an instruction in a seduction case, "And do not find that the defendant was seduced by said promise," was simply a clercial error, and any juror of ordinary intelligence could not be misled thereby.

4. **APPEALS: Remarks of Prosecuting Attorney: No Exceptions.** In order for the appellate court to consider an assignment that improper or prejudicial remarks were made by the prosecuting attorney during his argument of the case, objections and exceptions to those remarks must be made at the time and preserved in the bill of exceptions. Assigning such remarks in the motion for new trial and supporting them by affidavit, does not preserve them for review.

Appeal from Monroe Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*J. H. Whitecotton, F. W. McAllister,* and *Bodine & Reynolds* for appellant.

(1)   Defendant's instruction in the nature of a demurrer to the evidence should have been given. The testimony of the prosecuting witness as to the promise of marriage was not corroborated as required by our statutes. State v. Reeves, 97 Mo. 668; State v. Primm, 98 Mo. 368; State v. McCaskey, 104 Mo. 604.   (2) The court should have given defendant's instruction numbered 1. State v. Reeves, 97 Mo. 668.   (3) The action of the court in giving instruction numbered 2 3-4 of its own motion was error, as said instruction negatives the right of defendant to an acquittal if he had ever promised to marry the prosecuting witness, and does not require such previous promise to have operated in accomplishing her seduction. State v. Brassfield, 81 Mo. 151.   (4)   Instruction lettered "E" given by the court of its motion was erroneous and tended to mislead and confuse the jury by using the word "defendant" instead of "prosecuting witness" and is unintelligible.

119 Mo. 410; 72 Mo. 307.   (5)   The giving of instruction 2 for defendant together with instruction 2 3-4, and instruction lettered ''E'' of the court's own motion could but confuse and mislead the jury, and the giving of an erroneous instruction is not cured by giving another correct one, and it is impossible to tell which the the jury followed.   97 Mo. 105; 117 Mo. 380; 4 Mo. App. 295; 25 Mo. App. 653; 53 Mo. App. 126.   (6)   The remarks of the prosecuting attorney constitute reversible error.   95 Mo. 510; 115 Mo. 401; 121 Mo. 137; 95 Mo. 653.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1)   The second count of the indictment, the one upon which the defendant was convicted, follows literally the indictment approved by this court in State v. O'Keefe, 141 Mo. 272.   (2)   Where an indictment contains more than one count and all counts save one have been dismissed by the State and the remaining count is good, a general verdict by the jury is sufficient.   State v. Ferguson, 162 Mo. 168.   (3)   The evidence of the prosecutrix as to the promise of marriage is amply corroborated by the testimony of her mother, as well as the facts and circumstances showing the demeanor of the parties toward each other and their intimacy. (4) The evidence as to the period of gestation corresponds practically to the law of nature—the last intercourse occurred about the eighteenth day of October, 1902. The accouchment occurred July 3, 1903, thus covering a period of two hundred and fifty-eight days for gestation, and the evidence shows a premature birth.   However, it was only eighteen days premature.   (5)   The complaint in the motion for a new trial in reference to the remarks of the prosecuting attorney in his closing address to the jury, is not properly before this court. It is charged in the motion for a new trial that the pros-

ecuting attorney said: ''Mr. Whitecotton says he does not know whether the defendant has had intercourse with this girl or whether he had not; but she says he has and he never denied it.'' While on the witness stand, defendant was not interrogated upon this question. We frankly admit that in the event such language was used and exceptions properly preserved, it would be reversible error. The record, however, fails to disclose that such remarks were made, or that objection and exception was saved to them at the proper time. In fact, we are referred to the motion for a new trial and the affidavits in support thereof, to substantiate the correctness of this charge. This will not do. Allegations in the motion for a new trial do not prove themselves. They must be supported by proper record showing. Affidavits are insufficient unless the alleged error be committed outside the trial of the case, and beyond the presence of this court. State v. McAfee, 148 Mo. 370; State v. Duncan, 116 Mo. 288; State v. Johnson, 76 Mo. 122; State v. Welsor, 117 Mo. 583.

FOX, J.—This is an appeal by the defendant from a conviction for seduction under promise of marriage. There were two counts in the indictment; at the close of the State's case, upon motion of defendant, the court required the State to elect upon which count it would stand, and in obedience to such requirement by the court, the State elected to stand upon the second count, which is here reproduced:

''And the grand jurors aforesaid upon their oaths aforesaid, do further present and charge that the said James Meals, late of the county aforesaid, on the twentieth day of August, A. D. 1902, at and in said county of Monroe and State of Missouri, did then and there under and by promise of marriage made to one Clara Belle McNear, by him, the said James Meals, unlawfully and feloniously seduce and debauch her, the said Clara Belle McNear, she, the said Clara Belle McNear,

being then and there an unmarried female of good repute and under twenty-one years of age, against the peace and dignity of the State.''

Upon the trial the State introduced Clara Belle McNear, the prosecuting witness, as well as her mother. These two witnesses were the principal ones as to the main facts upon which this prosecution rests. The testimony of the mother and daughter showed, substantially, this state of facts: That the prosecutrix and defendant had known each other from early childhood; that during the girlhood of the prosecutrix, defendant visited her sister, who subsequently married, after which the defendant began to visit the prosecutrix. He soon began to avow his great admiration for her and she for him. It seems that their friendship soon ripened into a sincere regard, which culminated in mutual love. At any rate the protestations of each warrant such conclusion. The wedding day was set and preparations were made by the prosecutrix for that event. It seems that defendant also made some preparations for the conjugal state, by furnishing a home in which they were to dwell. The parties were often in each other's company. Prior to the time set for the wedding, the defendant began to importune the prosecutrix to submit herself to his lustful passions, fortifying his request with protestations of his love and assurance of their early marriage. The prosecutrix yielded to his solicitations on three occasions, the last illicit congress occurring about the eighteenth day of October, 1902. As a result of this liaison a child was born July 3, 1903. It showed evidence of a premature birth. The prosecutrix was seventeen years of age, the defendant twenty-nine. The prosecutrix was corroborated in her declarations that defendant had promised to marry her by admissions made by defendant to her mother, and by numerous circumstances. On behalf of the State much evidence was adduced tending to show the good reputation of the prosecutrix for virtue and chastity. The defendant intro-

State v. Meals.

duced evidence of a contrary effect. The State further showed that defendant had offered fifty dollars to witness Murphy, if he would swear that he had had sexual intercourse with the prosecutrix.

Defendant introduced testimony as to the bad reputation of the prosecutrix, and the good reputation of himself for virtue, chastity and morality. Defendant himself testified, admitted that at intervals he had been in the company of the prosecutrix; but denied all other incriminating evidence except as to having sexual intercourse, and upon that subject he did not testify at all.

At the close of the testimony, the court declared the law as follows:

### No. 2 requested by defendant.

"The court instructs the jury that if you shall find and believe from the evidence in the case that the defendant had carnal intercourse with Clara Belle McNear, and that she yielded to him on account of the promise of marriage and without the practice by him of arts or blandishments, then, even though she may have been of good repute, she was not seduced and the jury should acquit."

### State's instructions.

"1. If verbal statements of the defendant have been proven in the case, you may take them into consideration with all the other facts and circumstances proven. What the proof may show you, if anything, that the defendant has said against himself, the law presumes to be true, because against himself, but anything you may believe from the evidence the defendant said in his own behalf you are not obliged to believe, but you may treat the same as true or false, just as you believe it true or false when considered with a view to all the other facts and circumstances in the case."

*Instructions given by the court of its own motion.*

"1.    The court instructs the jury that the indict-
ment in this cause, read to the jury, is a mere formal
charge or accusation against the defendant, and is not
any evidence of his guilt.

"2.    The court instructs the jury that if they be-
lieve and find from the evidence in the cause, beyond
a reasonable doubt, that the defendant, in Monroe
county, State of Missouri, at any time within three years
next before the tenth day of April, 1903, did then and
there, under or by promise of marriage seduce and de-
bauch Clara Belle McNear, and that said Clara Belle
McNear was then and there an unmarried female of
good repute and under the age of twenty-one years,
then the jury should find the defendant guilty as
charged in the second count of the indictment.    To au-
thorize a conviction in this case, you must believe and
find not only that said Clara Belle McNear was at
the time of the seduction, if any, a woman of
good repute in the community in which she lived,
and among those who knew her, and that she
was then single and unmarried, and under twenty-
one years of age, and that defendant did in fact
seduce and debauch her, but you must positively be-
lieve and find from the evidence in the cause that he
accomplished this under or by a promise to marry her;
that she believed his promise to be in good faith, and
that so believing she accepted it and consented to be-
come and by him be made his wife, and that subse-
quently to such promise, if any, she was seduced and
debauched by defendant, and to support the charge of
such promise of marriage, it is necessary that her evi-
dence be supported by that of other witnesses, or by
corroboration of acts or circumstances which convince
your minds of the truth of her testimony in that respect.
A female is said to be 'seduced' within the meaning of
that term as used in this instruction when by arts and

blandishments she is deceived, corrupted and drawn aside from the right path. She is said to be 'debauched', within the meaning of that term, as used in the instructions, when she is carnally known. Every illicit connection is not seduction. It can not be said that a female is drawn aside from the path of virtue unless she is honestly pursuing that path when approached. If her mind is corrupt and polluted by lewd thoughts, and she is ready to submit to improper embraces, as opportunity offers, from her own lustful propensity, and without any arts or blandishments of him with whom she has sexual intercourse, in such case she can not be said to be seduced by the party with whom she has improper sexual relations. If the jury find from the evidence that the defendant had illicit connection with said Clara Belle McNear, under or by promise of marriage, but further find that there was no seduction within the meaning of the word as already defined, they will find the defendant not guilty.

"2½. The jury cannot find that there was a promise of marriage upon the evidence of Clara Belle McNear alone; but under the law her evidence as to the promise of marriage must be corroborated; that is, confirmed either by other direct or positive evidence as to the promise of marriage, or by admissions, if any, of defendant made to other parties as to her engagement of marriage, or by facts and circumstances such as usually attend the engagement of marriage.

"But where facts and circumstances, such as usually attend an engagement of marriage, are relied upon as corroboration, slight and indifferent particulars are not sufficient; nor will proof of attention, merely, be sufficient, unless from its duration and constancy, and from the acts, conversation and conduct of the parties it reasonably carries conviction to the mind that an engagement of marriage exists, and that the attention is not merely such as might reasonably be expected, without impropriety from a gentleman towards a lady whose so-

ciety was agreeable; and the corroboration of the prosecuting witness as to the promise of marriage, if any, whether direct and positive, or consisting of facts and circumstances as stated above, must be something more than sufficient to overcome the oath of the defendant and the legal presumption of his innocence.

"2¾. The court instructs the jury that if in the month of August, 1902, the prosecuting witness agreed with defendant that he might have sexual intercourse with her provided he would agree to marry her the following September, and that defendant did so agree, and that in said month of August and under said agreement, if any, the defendant did have sexual intercourse with said prosecuting witness, but that she was not seduced by said promise, if any, and that prior to said agreement, if any, the defendant had never promised to marry said Clara Belle McNear, then the jury should find the defendant not guilty.

"3. The court instructs the jury that if they find the defendant guilty they should assess his punishment at imprisonment in the penitentiary not less than two years nor more than five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail not exceeding one year.

"4. The court instructs the jury that unless, under the evidence and the instructions in the case, the jury find the defendant guilty under the second count in the indictment, they should acquit the defendant.

"5. The court instructs the jury that the defendant is a competent witness in his own behalf, and his testimony is to be weighed by the same rules that govern the testimony of other witnesses, but in passing upon the weight to be given his testimony, you may take into consideration the fact that he is the defendant in the case, and his interest in the result of the trial.

"6. The court instructs the jury that they are the sole judges of the weight of the evidence, and the credibility of the witnesses in the cause.

"7.   The court instructs the jury that the law presumes the defendant to be innocent until his guilt is established from the evidence in the cause beyond a reasonable doubt.   If, therefore, you have a reasonable doubt of the defendant's guilt you should acquit him; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt, and not a mere possibility of his innocence.

"8.   The court instructs the jury that although good character is no excuse for crime, if actually committed, yet in determining the question as to whether or not the defendant is guilty, they should take into consideration the evidence in the cause as to his good character, and give it such weight as the jury may think it entitled to; but if from all the evidence in the cause, including the evidence as to defendant's good character, they believe him guilty, they should so find in their verdict.

"9.   The court instructs the jury that if they believe any witness who testified in the cause has willfully, that is, intentionally, sworn falsely as to any material facts, they are at liberty to disregard the whole or any part of any such witness's testimony.   By material fact is meant any fact which tends to prove or disprove the defendant's guilt or innocence.

"A.   The court instructs the jury that the State has elected to stand on the second count in the indictment and seeks a conviction only under said count which charges seduction under or by promise of marriage and the defendant is not now prosecuted under the first count.

"E.   The court instructs the jury that although you may believe that defendant had carnal intercourse with the prosecuting witness Clara Belle McNear, yet if you further find that she consented to said connection, if any, in consideration of a promise, if any, then and there made to her by defendant that he would marry her, and

do not find that *defendant* was seduced by said promise, if any, the jury should acquit the defendant."

The instructions requested by defendant will be given attention in the course of the opinion.

Upon the submission of the cause to the jury, they returned a verdict of guilty, and assessed defendant's punishment at imprisonment in the penitentiary for three years, and judgment was accordingly rendered. From that judgment defendant prosecutes this appeal, and the cause is now before us for consideration.

OPINION.

Numerous errors are assigned in the brief of counsel for appellant as grounds for the reversal of the judgment in this cause. We will consider them in the order in which they are presented in the brief.

First. At the close of the testimony in this cause, a demurrer to the evidence was interposed in the nature of an instruction directing the jury to acquit the defendant, which was by the court denied. This action of the court is assigned as error.

Upon this proposition it is sufficient to say that we have read, in detail, all the evidence upon which this judgment is based, and find, from due consideration of all the facts developed at the trial, that there was not only sufficient proof to authorize the submission of the cause to the jury, but from a careful reading of the evidence detailed by the prosecutrix and her mother, there is no escaping the conclusion that the verdict of the jury is fully supported by such evidence.

The prosecuting witness fully details the courtship which led up to the promise of marriage; she relates with particularity his efforts after the promise of marriage to draw her aside from the path of virtue; his protestations of love, the utilizing of the marriage promise in accomplishing the seduction, all fully appear in her testimony, as preserved in the record. It may be

said that if you would isolate certain questions and answers of the prosecutrix, it would warrant the conclusion that it was a mere barter and trade of her body in consideration of the agreement to marry her; but her testimony must be considered as a whole, and when so considered, it is made apparent that no such conclusion can fairly be drawn. The true meaning of her answers to the isolated questions can only be ascertained by due consideration of all the questions and answers propounded to her.

The testimony of her mother as to conversations with the defendant, and of the circumstances which usually accompany the marriage engagement, was a sufficient corroboration of the promise of marriage to meet the full requirements of the law upon that subject.

The action of the court in denying the peremptory instruction directing the jury to acquit the defendant was proper, and fully warranted by the facts disclosed in the case.

Defendant requested the court to give this instruction, which was refused:

"1. The court instructs the jury that although you may believe that defendant had carnal intercourse with the prosecuting witness, Clara Belle McNear, yet, if you further find that she consented to said connection in consideration of a promise, if any, then and there made to her by defendant that he would marry her, the jury should acquit the defendant."

The refusal of this instruction is assigned as error. It will be observed that the record discloses that upon the refusal of the court to give that instruction, defendant then requested instruction numbered 2, which was given. This instruction, requested by defendant and given by the court, is set forth in full in the statement of the case. It is apparent that instruction numbered 2, given at the request of defendant, and also instruction lettered "E", fully covers the legal propositions declared in number 1 which was refused by the court. A

comparison of the instructions will indicate, that they had reference to the same subject; that the jury were told substantially the same thing in those given as in the one refused, is too plain for discussion. There was no error by the trial court in its refusal of the instrution requested, the same matter having been fully covered by other instructions given.

The correctness of instruction numbered 2¾, given by the court upon its own motion, it also challenged. The complaint urged as to that instruction is that it negatives the right of defendant to an acquittal if he had ever promised to marry the prosecuting witness, and fails to require the jury to find that such previous promise operated in accomplishing her seduction.

It is well settled by the repeated announcements of this court that the instructions presenting the law of the case must be considered all together. If this correct rule is applied to the instruction challenged, the contention of learned counsel for appellant, in respect to the error complained of, cannot be maintained.

We have in this case instruction numbered 1 given by the court upon its own motion, which carefully, fully and expressly requires the jury to find every essential fact necessary to constitute the offense defined by the statute. It is a clear and full presentation of the law applicable to this case, and meets all the requirements of it, as indicated by the able and exhaustive review by the learned judge, in State v. Reeves, 97 Mo. 668.

We have in this instruction complained of the declaration of law most favorable to defendant, that if the sexual intercourse was simply the result of an agreement to marry, without any seduction, then there can be no conviction. This instruction was especially applicable to the testimony in the cause; it referred to the dates as fixed by the witnesses, then followed the direction of the jury, which substantially told them that, if prior to the agreement referred to in the instruction, they found that defendant had not made any other prom-

ise of marriage, they should acquit him. In other words, this instruction was intended to apply to a certain state of facts as to an agreement to have sexual intercourse, in consideration of the promise of marriage made in certain months in the year 1902, and the other part of the instruction simply told them, in substance, that this was not applicable to any promise of marriage which may have been made prior to said agreement in these particular months. There was nothing in the instruction which negatived any of the rights of the defendant as declared in the other instructions; but it is clear that the jury could not be misled by it. It is apparent if the jury should find that there was a promise of marriage previous to the dates fixed in the instruction complained of, they would apply the rules of law to that promise, the same as to any other, in accordance with the plain, clear and full directions of the court in its instruction numbered 2 upon that subject. While the instruction complained of may be somewhat inartificially drawn, as applicable to the facts of this case, there is no error in it which in any way affects the substantial rights of the defendant.

It is insisted that instruction lettered "E" is erroneous and fatally so, because in the concluding part of it the word *defendant* is used instead of prosecutrix or prosecuting witness. When the full context of that instruction is considered, it is apparent that to any juror of ordinary intelligence, reading the instruction, it would be perfectly clear and obvious that it was simply a clerical mistake, a mere "slip of the pen."

Upon this subject, BLACK, J., in Shortel v. St. Joseph, 104 Mo. l. c. 121, said: "The defendant's first instruction uses in one place the word plaintiff when it should be defendant, and another place the word defendant when it should be plaintiff; still these are mere clerical errors readily discovered upon reading the in-

structions and constitute no ground whatever for a reversal.''

So we say in this case, that this purely clerical mistake, in using the word defendant instead of prosecutrix, should not furnish the basis for the reversal of the judgment. The clerical mistake in the use of the words in this cause is so clear and obvious that no one will seriously contend that it was in any way injurious to any of the rights of the defendant. An examination of the cases cited by counsel for appellant, in support of their contention as to the error of the instruction under consideration, will demonstrate that a different and much more serious proposition was presented in those cases than in the one at bar. The mistake or oversight in State v. Pettit, 119 Mo. 410, was not a mere clerical ''slip of the pen'' as to a name. While it may have been called an oversight in the Pettit case, the result of it went to the substance of the instruction, and by reason of the mistake there was an absolute failure to intelligently define the offense the court was attempting to define in the instruction in which the error occurred.

In Stegman v. Berryhill, 72 Mo. 307, the error was a substantial one, and does not fall within the class of mere clerical mistakes. The court in that case told the jury, under a contract where the plaintiff was to perform certain work and furnish certain material, that if, upon the failure of the plaintiff to perform the work, the defendant did it, the expense of such work should be deducted from the defendant's portion of the proceeds of the sale, which the court held was clearly erroneous, and incidentally remarks that it was so clearly so that it might be a mistake in the copying of the instruction. It is clear that is not this case, and does not support the contention that the judgment in this cause should be reversed for the mere clerical error complained of.

This leads us to the only remaining question in this

cause. That is the remarks of the prosecuting attorney in his closing argument to the jury. An examination of the bill of exceptions fails to disclose that any error, by way of improper remarks by the prosecuting attorney, has been preserved. This was an error during the progress of the trial, and it must appear from the bill of exceptions that the remarks were objected to at the time and exception saved. We have examined the bill of exceptions signed by the trial judge, and have been unable to discover any objections or exceptions during the argument of the case. The motion for new trial assigning improper remarks in the argument to the jury, and the affidavits accompanying it, does not preserve this error. We repeat that this error complained of was upon the trial, and it must form a part of the bill of exceptions duly signed by the judge.

This court verly clearly announced the rule upon this subject in State v. Duncan, 116 Mo. 1. c. 308. It was there said:

"The only way a party can take advantage of an error occurring during the progress of the trial is by properly excepting; presenting the point in his motion for a new trial, and when that is overruled, saving the point in his bill of exceptions. Affidavits of what occurred in the presence of the court cannot usurp the province or function of a bill of exceptions, nor save matters which can only be preserved in such bill. [State v. Hayes, 81 Mo. 574; State v. Musick, 101 Mo. 260.] The objectionable remarks alleged to have been made by Judge Krum in his opening statement, and in his concluding argument, not having been preserved in the manner above quoted, are not legitimate subjects of comment in this court, since the affidavits offered to prove such remarks are no evidence that such remarks were made."

The ruling in that case is emphasized by what was said by this court in State v. Welsor, 117 Mo. 1. c. 583. The rule was thus clearly stated:

"It is also urged by appellant's counsel that a new trial ought to have been granted because of the remarks of the circuit attorney in his closing speech to the jury, which, if correctly set out in the affidavit filed, were on the very verge of impropriety, if not entirely so. But, as it does not appear from the bill of exceptions that they were objected to at the time and the attention of the court called to them, there is nothing before us to review upon this assignment. [State v. Pagels, 92 Mo. 300; State v. Taylor, 98 Mo. 240; State v. Hayes, 81 Mo. 574.] The motion for a new trial alone does not prove any fact not shown by the record, and that question seems to be well settled by repeated rulings of this court. [State v. Bulling, 105 Mo. 226.]"

Numerous other cases might be cited in support of our ruling upon this question; but there is no necessity to pursue the subject further, as the cases referred to are decisive of this point of practice.

We have thus given expression to our views upon all the complaints urged in the brief of learned counsel for appellant in respect to errors alleged to have been committed by the court in the trial of this cause. With the exception of the clerical mistake in one of the instructions, to which we have herein referred, the declarations of law by the court were full, clear and an extremely favorable presentation for the defendant upon the facts in this cause. Finding no reversible error, the judgment of the trial court should be affirmed, and it is so ordered. *Gantt, P. J.,* concurs; *Burgess, J.,* absent.