STATE of Missouri, Respondent,

v.

Sam Thomas TOWNSEND, Appellant.

No. 47469.

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1959.

Leo M. Newman, St. Louis, for appellant.

John M. Dalton, Atty. Gen., George E. Schaaf, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

■ Appellant was found guilty of tampering with an automobile as defined in par. 1 of Section 560.175 RSMo 1949, V.A.M.S. The information contained the necessary averments, under what is known as the habitual criminal act, that appellant had previously been convicted of four separate felonies. In addition to finding appellant guilty of the offense charged, the jury found that he had previously been convicted of a felony and it assessed his punishment at imprisonment in the penitentiary for a term of five years. Appellant has filed no brief so we consider the assignments of error properly made in his motion for new trial.

■ The first four assignments of error are, in their entirety, as follows: "The verdict is against the law," "The verdict is against the evidence," "The verdict is against the law and the evidence," and "The verdict is against the evidence and the weight of the evidence." They preserve nothing for appellate review. Supreme Court Rule 27.20, 42 V.A.M.S.; State v. Duncan, Mo.Sup., 316 S.W.2d 613; State v. Hood, Mo.Sup., 313 S.W.2d 661.

■ By the next three assignments appellant sets forth three reasons why he contends the trial court erred in overruling his motion for a directed verdict. We shall treat such motion as one for judgment of acquittal. See Supreme Court Rule 26.10, 42 V.A.M.S. This necessitates a statement of the evidence, but in determining the sufficiency of the evidence to withstand such a motion, which is the same as the sufficiency of the evidence to sustain a conviction, we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom, and evidence to the contrary is rejected. State v. Thomas, Mo.Sup., 309 S.W.2d 607, 609.

On October 2, 1958, Roland Watson parked a 1951 Chevrolet at his place of employment in the City of St. Louis. Although he had locked the automobile, he later discovered that it was gone and he reported the matter to the police. Shortly before three o'clock of the following morning two police officers saw appellant driving the above referred to automobile in the wrong direction on a one-way street in the City of St. Louis and signaled him to stop. They were able to stop him only after a chase at high speeds and after he had run into a concrete abutment and a brick wall. Roland Watson had given no permission directly or impliedly to appellant to take or use the automobile and he had not loaned it to anyone.

The automobile had been purchased by Frank Watson, a resident of Dixon, Missouri, from Leo Robinson on September 23, 1958. At that time the automobile was turned over to Roland Watson, an eighteen-

year-old nephew of Frank Watson, and Roland was told that he could keep the automobile indefinitely as his own. Roland thereafter had the sole and exclusive use of it. The certificate of title was issued in the name of Frank Watson and was introduced in evidence, but it is not a part of the transcript and has not been deposited with the clerk of this court. Appellant does not contend there was no valid assignment of title in the manner prescribed by Section 301.210 RSMo 1949, V.A.M.S., by Leo Robinson to Frank Watson on September 23, 1958, and from the testimony of Roland Watson it may reasonably be inferred that there was.

■ The first reason asserted by appellant that a motion of acquittal should have been sustained is that "State's witness, Roland Watson, was incompetent to testify that the defendant was operating the vehicle without the consent of the owner." Roland Watson did not so testify. In fact, when such a question was asked him the trial court sustained appellant's objection thereto and no answer was given. To prove this necessary fact the State relied on other testimony of Roland to the effect that his uncle was not in St. Louis on or about October 2, 1958; that his uncle had placed the automobile in his, that is, Roland's, custody and control and he had the sole use thereof; and that he had given no permission to appellant to use or operate the automobile. This, and the other testimony concerning the circumstances, authorized the inference that appellant was operating the automobile without the consent of Frank Watson.

■ The second reason asserted by appellant is that the State failed to produce "the legal title owner" of the automobile "to testify concerning his ownership and any consent he may have given to operate this vehicle." The State was not required to call Frank Watson to prove his ownership of the automobile or the lack of permission by him to appellant to use or operate the automobile. It was required

only to present sufficient evidence of these facts from some source. We conclude that this requirement was met.

■ The third reason advanced by appellant is that "the legal title entered into evidence by the State was dated October 7, 1958, while the offense with which the defendant is being charged occurred five days previous thereto," and it is then asserted that "Hence, * * * Frank Watson was not the legal title holder in fact on the day of the occurrence resulting in his lack of consent or evidence concerning his consent being immaterial."

Roland Watson testified that his uncle, Frank Watson, was the owner of the automobile, that he purchased the automobile on September 23, 1958, and went with the seller "to have the title transferred and the license changed." Although the certificate of ownership issued to Frank Watson is not in the transcript, it appears that it contained two dates, one September 23 and the other October 7. There is no affirmative showing to what either of these two dates on the certificate had reference. Section 301.210 RSMo 1949, V.A.M.S., prescribes the only way in which there can be a valid transfer of title to an automobile for which there has previously been issued a certificate of ownership, and that is for the holder of the certificate to endorse thereon an assignment thereof in the prescribed form and deliver the same to the buyer at the time of the delivery to him of the automobile. Paragraph 4 of said section then provides that "the sale of any motor vehicle * * * registered under the laws of this state, without the assignment of such certificate of ownership shall be fraudulent and void." In Crawford v. General Exchange Ins. Corporation, Mo. App., 119 S.W.2d 458, 459, in considering the effect of the above statutory provision it was stated: "We think it is perfectly clear that under the above statute title to the motor vehicle passes to the buyer upon the seller's assignment and transfer over to him of the certificate of ownership theretofore issued to the original purchas-

er." It was then added that the buyer had the duty to present the certificate to the commissioner of motor vehicles (now the director of revenue) for registration and the issuance of a new certificate of ownership, but "there is nothing in the statute to indicate that the vesting of title in the buyer is deferred until the new certificate of ownership is issued." The date of October 7, 1958, which was subsequent to the time of the delivery to Frank Watson of the automobile and the assigned certificate of ownership, apparently was the time that the director of revenue got around to issuing a new certificate of ownership to Frank Watson based on the assignment to him on September 23, 1958, which date was also shown on the certificate. There is substantial evidence from which the jury could find that Frank Watson purchased and received possession of the automobile and delivery of the assigned certificate of ownership on September 23, 1958, and that he became the owner of the automobile on that date.

The remaining assignment of error in the motion for new trial is that the trial court erred in overruling appellant's objection to instruction 2 "based on the premise that it does not properly state the law and has no basis in evidence presented in the trial in chief." This does not preserve any matter for appellate review. State v. Swindell, Mo.Sup., 271 S.W.2d 533, 537.

We have examined the record as required by Supreme Court Rule 28.02 and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.