STATE of Missouri, Respondent,

v.

Roger Lee GILLIAM, Appellant.

No. 48437.

Supreme Court of Missouri,

Division No. 2.

Nov. 13, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 11, 1961.

724

No attorney of record for appellant.

Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Roger Lee Gilliam was separately charged, tried and found guilty of robbery in the first degree by means of a dangerous and deadly weapon, with a prior conviction of a felony, and appeals from a judgment imposing a sentence of fifteen years' imprisonment. §§ 560.120 and 560.-135. (Statutory references are to RSMo 1959 and V.A.M.S.) The defendant introduced no evidence and has filed no brief. In his motion for new trial, he alleges error, among others, in the admission of evidence, in limiting the cross-examination of the State's witnesses, in finding defendant subject to the provisions of the new habitual criminal act (§§ 556.280 and 556.290), in failing to grant defendant's request for the inspection of certain police reports, and in giving an instruction.

The State's evidence warranted the following findings: About 7:45 p. m. on March 2, 1960, three colored men robbed the Ross Rexall Drug Store, 925 Goodfellow, St. Louis City, Missouri. Mr. Ross had just gone home. Stanley Schneider was part owner of the business. The employees present were Mrs. Maxine Rushing, a sales clerk, and Charles Wagstaff, a nineteen-year-old high school student, who were near a cash register at the rear of the store, and David Block, a registered pharmacist in charge of the store, who was at the prescription counter on the other side of the store. Gladys Maxwell followed one and preceded another colored man into the store. The first was later identified to her as Roger Gilliam and the other as James Beard. Another man, referred to as robber No. 1, put a gun on Mrs. Rushing, told her it was a holdup and to give him the money, except the pennies, in a cash register. She was frightened and screamed. Wagstaff looked, saw the gun and put his hands up. This robber told Mrs. Rushing to be quiet, he didn't want to hurt her; and Wagstaff to put his hands down and come over by the register. Gladys Maxwell, about midway of the first aisle, turned to leave, saw Beard standing by the front door, and was told to stand where she was, which she did. Mrs. Rushing took the money from the cash register, put it in a bag and handed it to the robber. Mr. Block started to turn around when he heard the scream, felt something poking him in the back, and a voice said: "Don't turn around and do what I tell you and you won't get hurt." There was testimony that this man had been in the store two or three times and Mrs. Rushing and Wagstaff positively identified Roger Gilliam as this robber. Each testified that he was poking Mr. Block in the back with a gun. Mr. Block was then ordered to walk down that aisle. When they came to another cash register, he was told to put the money, including the change, in it in a bag. He did this and handed the bag of money to the robber behind him. The robber continued to poke Mr. Block in the back, and telling him not to look around. Mr. Block followed the instructions. Robber No. 1 and defendant then forced Mrs. Rushing, Wagstaff, Mr. Block and two or three customers, who had entered the store, into a back room. Gladys Maxwell, who had been left standing in the store, came back to the room after the robbers departed, knocked on the door, and said: "They are gone now, you can come out."

The robbers obtained $249 of the store's money. Mr. Block's possession of the money was sufficient evidence of own-

ership to sustain a conviction. State v. Montgomery, 181 Mo. 19, 29, 79 S.W. 693, 696, 67 L.R.A. 343; State v. Moore, Mo., 80 S.W.2d 128 [1].

Following the robbery Gladys Maxwell and Wagstaff were taken to the police station, identified the man at the door, and were informed his name was James Beard. See State v. Deppe, Mo., 286 S.W.2d 776 [8]. Defendant objected to this testimony on the ground it was immaterial and irrelevant, and assigns error in its admission. Assignments of error in defendant's motion for new trial not presented to the trial court at the time of defendant's objections to the evidence are not preserved for appellate review. State v. Hernandez, Mo., 325 S.W.2d 494, 496 [3, 4]; State v. Richardson, Mo., 321 S.W.2d 423, 427 [4]. Under the State's evidence a jury could infer that James Beard aided and abetted the chief perpetrators of the robbery by acting as a "lookout." He entered the store, stood by the door while the robbery was progressing, was given no order by the chief actors during the robbery, was not forced by them to accompany other customers to and remain in the back room of the store, and was not in the store after they left. The jury could find that witnesses Maxwell and Wagstaff were identifying (State v. De Poortere, Mo., 303 S.W.2d 920, 924 [3]; State v. Robertson, Mo., 328 S.W.2d 576, 582 [5]) an aider and abettor of the robbery (State v. Holmes, 316 Mo. 122, 289 S.W. 904, 907 [4]; State v. Childers, Mo., 313 S.W.2d 728, 731 [5]). If this testimony were immaterial and irrelevant, defendant's objection to its admission, it did not prove any issue in the case, and was not prejudicial.

A number of assignments (six) in defendant's motion question the admission in evidence of State's Exhibit No. 1 and the court's finding that defendant was subject to having his sentence, in the event he be found guilty by the jury, determined by the court under the habitual criminal act. Defendant's assignments are verbose and, although they purport to set forth the reasons for the asserted error, some are general, in the nature of conclusions, and do not set forth with particularity the specific grounds or causes of the error. Sup.Ct. Rule 27.20, V.A.M.R. For instance: Assignments, among others, that a verdict or a finding of fact "is against the evidence"; "is against the law"; "is against the law and the evidence," preserve nothing for appellate review. State v. Roberts, Mo., 332 S.W.2d 896, 898 [2–4]; State v. Townsend, Mo., 327 S.W.2d 886 [2]; State v. Russell, Mo., 324 S.W.2d 727, 733 [14].

After a hearing in the absence of the jury at the close of the evidence, the court found defendant was subject to the habitual criminal act. State's Exhibit 1, so far as involved here, was an authenticated copy of a judgment and sentence wherein, upon withdrawing a plea of not guilty to "robery" as charged and entering a plea of guilty, defendant was sentenced to three years' imprisonment in the Arkansas penitentiary by a circuit court of the State of Arkansas and defendant's record of confinement in and discharge from the Arkansas penitentiary upon the expiration of said sentence. Defendant takes the position said exhibit was inadmissible because "robery" is not a crime in Arkansas or any other jurisdiction. A reading of the exhibit indicates this was not mistaken orthography but a clerical error. Whichever it may be, the stated ground was no reason for excluding the exhibit. A person of common understanding who reads the exhibit, not for the purpose of finding defects but to ascertain its meaning, would not be misled or in doubt as to its meaning. The misspelling does not change the pronunciation of robbery, or obscure the meaning of the exhibit; and the wording is readily understandable and apprises one of the offense involved. Such clerical or grammatical errors are not fatal. State v. Byrd, 278 Mo. 426, 213 S.W. 35 [1]; Melber v. Yourtee, Mo., 203 S.W.2d 727, 729 [2]; State v. Gilmore, 336 Mo. 784, 81 S.W.2d

431, 433 [7]; Toler v. Coover, 335 Mo. 113, 71 S.W.2d 1067, 1071 [12].

■ The authenticated copies of the official records from the State of Arkansas appearing in State's Exhibit 1 were admissible in evidence under §§ 490.130 and 490.-220, and an objection to their competency that they were not the best evidence but copies is without merit. State v. Hagerman, Mo., 244 S.W.2d 49, 53 [10–12]; State v. Ash, Mo., 296 S.W.2d 41, 43 [4].

■ It also follows that the assessment of defendant's punishment under Laws 1959, S.B. 117 (now §§ 556.280 and 556.-290) by the court upon the jury's returning a verdict of guilty was proper, and defendant's complaints against the form of verdict instruction because the jury did not assess the punishment are overruled. State v. Williams, Mo., 343 S.W.2d 58, 60 [3–7]; State v. Chamineak, Mo., 343 S.W.2d 153, 163 [20], and cases cited in the above cases.

■ The following occurred during the cross-examination of witness Wagstaff:

"Q. Had you and she [referring to Maxine Rushing] discussed what you thought—

. "Mr. Murphy: (interrupting) I will object to that question about a discussion, your Honor.

"The Court: Sustained."

The State's objection may have been premature. However, nothing further with respect to this inquiry appears of record, and the trial court should not be convicted of error without some showing of prejudice to defendant. State v. Francies, Mo., 295 S.W.2d 8, 11 [5]; State v. Feltrop, Mo., 343 S.W.2d 36, 38 [6, 7].

■ Witness Wagstaff, after answering that defendant's counsel came to the drug store on a specified Sunday and asked to talk to him, was asked: "Did you talk to me on that Sunday?" The State's attorney objected, stating in part: "I think that is an impropriety with respect to talking to a State's witness, and I will object to the question." The court informed defendant's counsel he could ask the witness if he refused to talk to him, and struck from the record and directed the jury, at defendant's request, to disregard the suggestion of the State's attorney that such action by defendant's counsel was an impropriety. The record clearly shows that the court did not sustain the State's objection. Defendant's assignments to the effect the court erred in sustaining the State's objection and in refusing his request for a mistrial because of the word "impropriety" in the objection are without merit. There was no abuse of discretion on the part of the trial court. State v. Stroud, 362 Mo. 124, 240 S.W.2d 111, 113 [10]; State v. Green, Mo., 292 S.W.2d 283, 288 [10]. The witness was under no legal obligation to talk to defendant's counsel.

■ Defendant assigns error in the court's refusal of his oral requests at the close of the direct examinations of witnesses Maxine Rushing and Charles Wagstaff to require the State to make available for inspection the police reports of conversations had with them. Defendant has failed to establish reversible error for at least two reasons. The assignments in defendant's motion for new trial merely assert that the court erred in refusing defendant's said requests without setting forth any specific ground for the asserted error. Sup.Ct.R. 27.20; State v. Sheard, Mo., 276 S.W.2d 191 [1, 2]; State v. Schramm, Mo., 275 S.W.2d 343 [1]. The requests appear to be based on Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, which involved rules of procedure and evidence in the federal courts. The request was not for a signed or otherwise approved written statement by a witness, but for the production of a police officer's summary of conversations had with the witness, and not required un-

der federal procedure to be produced under Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287. Consult Anderson v. State, 239 Ind. 372, 156 N.E.2d 384 [1–4]; State v. Kelly, 249 Iowa 1219, 91 N.W.2d 562 [1–4]. Defendant did not show that the requested police reports were in existence or that they were material and relevant. He assigned no reason for the granting of his requests, and appears to have been embarking on a fishing expedition. State v. Hinojosa, Mo., 242 S.W.2d 1, 6 [6], states: "The court would have had no authority to order the production of irrelevant and immaterial matter not admissible in evidence, and this is true even though such matters might aid in the preparation for trial." Approved in State ex rel. Clagett v. James, Mo., 327 S.W.2d 278, 290. We find no error. Consult State ex rel. Page v. Terte, 324 Mo. 925, 25 S.W.2d 459, 462 [2, 3]; State v. Brown, 360 Mo. 104, 227 S.W.2d 646, 649 [3], and cases there cited; State ex rel. Phelps v. McQueen, Mo., 296 S.W.2d 85, 89 [1, 4, 7]. See 23 C.J.S. Criminal Law §§ 855, 955.

■ It appears that the court, when he started to read the instructions, informed the jury he was reading the instructions in the case of State of Missouri versus John Lee Gilliam. The caption to the instructions correctly designated defendant as Roger Lee Gilliam, and the instructions thereafter referred to him as "defendant." His counsel called the mistake to the court's attention, entered his objection thereto and moved for a mistrial on the ground, so far as carried forward in his new trial assignment, that the jury could conclude defendant had an alias and prejudice could result. The court then informed the jury that he had inadvertently made a mistake in referring to defendant as John Lee Gilliam and that his name was Roger Lee Gilliam. This was no "instruction" to the jury or comment upon the evidence in the case within the meaning of Sup.Ct. Rules 26.02

and 26.09. The jury was not misled and defendant was not prejudiced by the court's inadvertently using the wrong Christian name. The correction was immediately made. Consult State v. Craighead, 32 Mo. 561; State v. Meals, 184 Mo. 244, 257, 83 S.W. 442 [4]; State v. Thomas, Mo., 82 S.W.2d 885 [7]; State v. Paulsgrove, 203 Mo. 193, 101 S.W. 27 [2, 4].

■ Defendant complains of instruction No. 3. The instruction informed the jury that persons who act together with a common intent in the commission of a crime are equally guilty; that the mere presence of one as a spectator at or near the scene of a crime does not make him a participator therein; but if, being present, he aids, abets, assists, et cetera, with the intent to encourage the commission of the crime, then he is equally guilty with the persons who physically commit it. Passing any issue with respect to the sufficiency of the assignment in defendant's motion for new trial, a substantially like instruction was held not reversible error in State v. Lunsford, Mo., 331 S.W.2d 538, 540 [2–5]. The instruction was more favorable to the defendant than he was entitled to have it. He is in no position to complain. See also State v. Affronti, 292 Mo. 53, 70 (IV), 238 S.W. 106, 110 [4]; State v. Tharp, 334 Mo. 46, 64 S.W.2d 249, 253 [7].

Our examination of matters required to be reviewed under Sup.Ct.R. 28.02 discloses no reversible error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.