ESTEBAN HOYOS GÓMEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, J. LEBRÓN VELÁZQUEZ, JUDGE, Respondent.

No. C-63-19.      Decided March 20, 1964.

*Miguel A. Velázquez Rivera* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On December 19, 1962 petitioner was accused of driving a motor vehicle while under the influence of intoxicating liquor. On January 30, 1963 he was arraigned, pleaded not guilty and the case was set for March 4 following. On February 20 the petitioner filed a motion in the trial court in which he stated that José A. Figueroa, Octavio de Jesús, Rufo Rosa, Héctor L. Maldonado, Fermín Micheo, and Liliam Miranda would render testimony at the trial as witnesses for the prosecution, having endorsed the information with their names; that in order that the defendant could enjoy an adequate legal assistance for his defense, his attorney should have the opportunity to examine all the witnesses who might have some knowledge of the facts connected with the case so that he could advise his client effectively, and requested the Bayamón Part of the Superior Court to order the appearance of said persons to confer with the attorney for the defense in order that the latter

could examine them as to their knowledge of the facts, and stated that "for the sake of the thoroughness of the proceeding and so as to avoid any future incorrect interpretation as to the nature of the conference that the attorney might have with said witnesses for the prosecution, he respectfully prays this honorable court to permit this conference in one of the rooms of the court of justice and in the presence of the marshal of the court or any representative of the state."

Without holding a hearing or giving petitioner an opportunity to argue his motion, the court, Judge J. Lebrón Velázquez, rendered the following order on February 25, 1963: "In view of the motion seeking the appearance of witnesses for the prosecution filed by the defendant, the same is hereby denied." We issued certiorari.

We have not dealt with this question in the past. It is not a question of the secretiveness of the report of the prosecuting attorney as the government seems to believe it is, for which reason it is not necessary to consider our decisions on this point cited by him. The defendant was not seeking prior to the trial, nor had the trial commenced, the production of the statements that those witnesses might have given before the prosecuting attorney. *Cf.* Rule 95 of the Rules of Criminal Procedure of 1963. The question raised deals with other considerations in the criminal procedure. We have, however, the benefit of the guidance of American courts who have dealt with a similar question.

■ Section 142 of the Code of Criminal Procedure provides that the prosecuting attorney must make the arraignment which consists in reading the information to the defendant and delivering to him a copy thereof with all the indorsements thereon, *including a list of witnesses*. The present Rule 52 of the Rules of Criminal Procedure follows the same pattern to the effect that a copy of the information shall be delivered to the defendant *with a list of the witnesses*, before he is called upon to plead. Rule 64 provides

as ground to request the dismissal of the information or complaint—subdivision (o)—that the defendant has not been served with *the list of the names and addresses of the witnesses that The People intends to use at the trial.* The courts have agreed, as it is commonly accepted, that the reason why it is required that defendant be furnished a list of the witnesses for the prosecution is in order that he may prepare adequately for his defense. *State v. McDonald,* 149 Pac. 281 (1915); *State v. District Court,* 220 P.2d 1035 (1950) and cases cited therein; *People v. Duncan,* 102 N.E. 1043 (1914).

▮ In connection with the foregoing, § 11 of the Code of Criminal Procedure has expressly prohibited the prosecuting attorney from investigating the witnesses of the defendant, except at the time of the trial. There is no prohibition in the Code in connection with the investigation of witnesses of The People by the defense.

▮ The fundamental right of a defendant in a criminal proceeding to defend himself carries with it the right to be duly informed in the preparation of his defense. A defendant may confer with all those persons who know of the facts of the case, even though they have been examined by the prosecuting attorney and might be used in the evidence for the prosecution. *People v. Mason,* 133 N.E. 767 (1922); *State v. Gangner,* 235 Pac. 703 (1925); *Brewer v. State,* 254 S.W. 809 (1923); *People v. Cordero,* 237 Pac. 786 (1925); *Schindler v. Superior Court,* 327 P.2d 68 (1958); *State v. Gilliam,* 351 S.W.2d 723 (1961); *Lee v. State,* 274 S.W. 582 (1925); *cf.* Abbott, Criminal Trial Practice 481, § 259a, 4th ed. How he should do it is not specifically described in the provisions of positive law. We state presently that the fact that the defense confers or communicates with the witnesses for the prosecution as to the facts involved does not present for his attorney a problem of ethics or of

unlawful practice. *People* v. *Cordero; State* v. *Gilliam, supra.*

This matter has been considered as one within the sound discretion of the trial court in the light of the circumstances present in each case and taking into accout the fundamental right of the defendant to his defense. *Brewer* v. *State, supra; Holladay* v. *State,* 95 S.W.2d 119 (1936).

■ We presume in the case at bar that the trial court denied petitioner's motion as a question improper at law, since it neither heard the parties nor reasoned its order. As a matter of law, we repeat, there is no bar whatsoever for defendant's counsel to confer with the witnesses of the prosecution and it is made clear that the state cannot prevent such conference with affirmative acts or prohibitions on its part. In other words, under normal circumstances the state could not prevent defendant's attorney from having access, in order to confer with him, to a witness for the prosecution who is under custody and in some way committed in one of its institutions, nor can it affirmatively order that said conference be withheld merely because he is a witness for The People. *Cf. People* v. *Mitchell,* 147 N.E.2d 883 (1958); *Wilkerson* v. *State,* 57 S.W. 956 (1899), and the decisions previously cited.

On the other hand, if those witnesses refused to have the conference or were not in any attitude of communicating voluntarily with the defendant or his attorney, so far there is nothing in our positive rules of procedure which authorizes the trial court to compel them to do so by means of its coercive power, including that of contempt to enforce an order which it might render on the question. Other considerations of a functional order in the administration of justice also come into play, such as the time to be used by the prosecuting attorneys, marshals and other officers if this practice became of general use—as it would undoubtedly be the case—in view of the thousands of criminal cases;

the problem of expenses and compensation for the appearance of these persons before the court, and others of the same sort, which together with the lack of coercive power, in the event the persons did not wish to submit to any conference, would require that these proceedings invoked by the petitioner be already authorized and sanctioned by law. Nothing of what we have just said may be understood in a contrary sense to any of the proceedings authorized by Rule 94 of the Rules of Criminal Procedure relating to the taking of depositions of witnesses in the cases and circumstances provided in said Rule.

■ If the witnesses mentioned herein are willing to appear and confer with petitioner's attorney, there is nothing to prevent it and it may be accomplished without the need of a previous judicial order. But we must decide that under our state of positive procedural law the petitioner does not enjoy the privilege of obtaining a mandatory order from the trial court to make the witnesses appear before it prior to the trial in order to confer with his attorney or be examined by him and of invoking the coercive power of the court to that effect.

The writ of certiorari will be annulled.