**STATE of Missouri, Respondent,**

**v.**

**Roger(s) Lee GILLIAM, Defendant.**

**No. 51845.**

Supreme Court of Missouri,
Division No. 2.

Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Jerome Wallach, Asst. Atty. Gen., Jefferson City, for respondent.

No appearance for appellant.

BARRETT, Commissioner.

In the circumstances set forth in State v. Gilliam, Mo., 351 S.W.2d 723, Roger(s) Lee Gilliam was charged, tried and convicted of robbery in the first degree by means of a dangerous and deadly weapon. RSMo

1959, §§ 560.120, 560.135. In September 1965 he personally instituted this proceeding under Criminal Rule 27.26, V.A.M.R. to vacate the sentence and judgment in his original conviction. The court denied the motion without a hearing and Gilliam has again appealed. He filed in this court a motion for the appointment of counsel, that motion was denied. He then filed a motion for leave to argue his case in person, that motion was sustained and with poise and intelligence he very capably argued his appeal. The argument was recorded and has again been listened to and is available for transcription.

■■■ While his motion to vacate is twenty-three pages in length and is a combined brief and argument with the citation of numerous federal cases, some of which were called to the court's attention in oral argument, his basic complaints may readily be reduced to their essentials. In the trial of his robbery case he was represented by court-appointed counsel and it may be that as a necessary prerequisite to his principal and rather ingenious point he would have to allege facts that would prima facie establish the incompetency or ineffectiveness of his trial lawyer. This he claimed in oral argument and only in conclusion in his petition. In support of his claim of ineffective counsel he said that the lawyer "had never before tried a criminal case. Defendant was his first client." His principal complaint in arguing before this court was that his lawyer in the trial of the robbery case did not bring to the court's attention the facts he now personally urges in this 27.26 proceeding. (Those facts will be briefly narrated following this paragraph.) Quite astonishingly if not shockingly, after alleging the inadequacy of his trial counsel, he states that his counsel "was a former Assistant United States Attorney, and resigned from the United States Attorney Staff in 1959." Furthermore, the transcript in the robbery case is here and has again been examined and without demonstration page by page it is sufficient to say that the record completely refutes the claim

of inadequate representation. The lawyer's twenty-point motion for a new trial was exceptional in its "particularity" (Cr. Rule 27.20) and alone a refutation of the imputation of inefficiency. It may be, at least insofar as his other claims of infringement of rights are dependent upon his first establishing inadequacy of representation, that this alone is enough to establish that in no event does Gilliam's motion state a claim or raise an issue entitling him to any relief in a 27.26 proceeding and therefore could be disposed of summarily.

As indicated, twenty-two pages of his 27.-26 application and his argument here are devoted to the matter which he now claims his lawyer neglectfully failed to raise. Bearing in mind that this proceeding is to vacate the 15-year sentence affirmed in State v. Gilliam, 351 S.W.2d 723, this in substance is his claim as set forth and briefed in his application and as argued here: On March 1, 1960, "a complaint of robbery was forwarded to the St. Louis Metropolitan Police Department bearing No. 44753" and known thereafter as the William McDowell robbery at a confectionery at 3028 Newstead Avenue. With this "complaint of robbery" a detective on March 6 casually inquired of Gilliam as he visited a photographic studio "if he had been tothe Tenth District Station that day." Upon receiving a negative reply the detective informed him that Captain Bolden wished to see him and so he "accompanied" the detective to the station and immediately was taken to the "Interrogation Room" where he was searched and his personal belongings "taken from his person." These included "a diamond stick-pin wrapped in a tissue" and had been taken from the person of McDowell in the robbery on March 1, 1960. Gilliam claims that he purchased the pin from "an unknown man" for $45.00. In any event on March 7, 1960, Gilliam was "held for investigation, suspected of buying and receiving stolen property. (Arrest Register No. 10–1328)." When McDowell was "contacted and advised of this circumstance" (all references to facts are

of course from Gilliam's allegations) he desired to "prosecute in this regard" and on March 8, 1960, Gilliam was "again arrested" on "suspicion of robbery" but on March 9 was released "as no information had been ascertained." But at 7:30 p. m., March 31, 1960, after a telephone call from police headquarters, "defendant went to said Station," McDowell identified him (Gilliam) as his robber and he was arrested for that offense.

From April 1 to April 11 Gilliam was held at police headquarters and on the 11th was "released to the custody of the sheriff" to appear before the Court of Criminal Corrections for arraignment. It was during this period of detention that Gilliam was first "questioned about a Rexall Drug Store Hold-up," the robbery case reviewed and reported in 351 S.W.2d 723. It was not until April 24, however, that one or more of the witnesses, Gladys Maxwell, a customer, and Mrs. Rushing, a clerk, identified Gilliam as one of the Rexall Store robbers, the one "poking Mr. Block in the back with a gun." 351 S.W.2d 1. c. 725. In any event the appellant was tried for the Rexall Store robbery and sentenced to 15 years' imprisonment, thereafter he entered a plea of guilty, he says coerced although he was represented by the former district attorney in that case, to the McDowell robbery and was sentenced to five years' imprisonment.

There are other details, some a repetition in different language, but these are sufficient to put the appellant's other claims to 27.26 relief in the Rexall Store robbery case in focus. As stated, buttressed with an elaborate citation of authority, it is his complaint that while being held, investigated and charged in the McDowell case, for thirteen days "incommunicado," he was investigated, identified, and charged with the Rexall Store robbery. The gist of his claim is that being in custody in the McDowell case, he was held more than twenty hours all in violation of RSMo 1959, § 544.170. It is urged that these circumstances constituted an invasion of his constitutional rights and deprived the court of jurisdiction in the Rexall robbery and therefore he urges that his sentence of fifteen years should be set aside.

■ There is some ingenuity in this rather complicated claim but in the end it does not state any ground, fact or reason necessitating a hearing or hypothesizing any possible facts that would constitute an invasion of his constitutional rights or entitle him to successfully and collaterally attack the fifteen year sentence. If his being held more than twenty hours had anything to do with his Rexall store case the fact could have been raised in that trial and appeal (State v. Bryant, Mo., 375 S.W. 2d 122), it is sufficient here, however, to say that the mere fact of being held longer than twenty hours does not in the absence of connecting it with some prejudicial matter invalidate the original judgment. State v. Keeble, Mo., 399 S.W.2d 118. In short, the record in this 27.26 proceeding, the transcript and files upon his former appeal, all refute any possible issue attempted to be raised upon this appeal, his motion to vacate does not state a case or valid claim within the meaning of Cr.Rule 27.26 and therefore the court did not err in refusing to conduct a hearing upon this motion. State v. Williams, Mo., 391 S.W.2d 227; State v. Ashe, Mo., 403 S.W.2d 589. For these reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.