**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mark A. WILLIAMS,
Defendant-Appellant.**

**No. KCD 29183.**

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a judgment and conviction for tampering with a motor vehicle. The trial court sentenced him to two years upon the jury's failure to agree upon punishment.

The defendant raises a narrow ground of insufficiency by asserting that the evidence was insufficient to show that the person in whose care and custody the vehicle was placed had not given permission to the defendant to tamper with the vehicle.

Because the attack on sufficiency of the evidence is so narrowly circumscribed, a short narrative statement of facts will suffice to place the issue in perspective. Annie Bonds was the owner of a 1969 Chevrolet that had been towed to the home of her ex-husband, where apparently her son also resided.

On the date in question, the car was in the possession and control of Annie Bonds' son. Annie Bonds had never given the defendant any permission to tamper with the vehicle. A police officer observed the defendant kneeling down at the right front wheel of the vehicle, and the defendant fled when he saw the police officer. The defendant was arrested upon close pursuit. The right front wheel of the vehicle was jacked up and all of the lug nuts were removed from the front wheels.

The defendant concedes in his argument that the conviction in this case is premised on § 560.175(1) RSMo 1969, which is as follows: "No person shall drive, operate, use or tamper with a motor vehicle or trailer without the permission of the owner thereof." For obvious reasons, in view of the evidence no attempt is made to deny that the defendant did, in fact, tamper with the vehicle. It is the defendant's sole argument that, since the vehicle had been in the possession and control of the owner's son for some period of time, it was incumbent upon the State to prove that the possessor of the vehicle or custodian had not consented to the tampering.

The defendant phrases the predicate for the argument as follows: "This appeal raises the issue of the exact meaning of 'without the permission of the owner.' Though the language is clear on its face, cases throw doubt upon its legal import."

Three cases are cited as creating doubt that the testimony of the owner alone is sufficient when another has the custody of the vehicle. These cases are State v. Morris, 460 S.W.2d 624 (Mo.1970); State v. Townsend, 327 S.W.2d 886 (Mo.1959); and State v. Kent, 515 S.W.2d 599 (Mo.App. 1974).

Defendant correctly cites Townsend for its holding that the person in possession can testify to facts which permit the jury to infer that the owner has not consented to the use or tampering. It is necessary to add that in Townsend the court neither held nor implied that the testimony of the possessor was necessary to conviction. Defendant then quotes a portion of the opinion in Morris which, taken out of context, might imply that Townsend held the testimony of the possessor was required. The Morris case language is taken from a portion of the opinion in which the court was refuting the argument of counsel that the Morris case was analogous to Townsend and simply finds that no analogy existed factually. The clear holding of Morris is that the testimony of a person having custody and possession at the time the vehicle is tampered with is in no way necessary to convict. The defendant then seizes upon an isolated sentence in Kent:

"The owner has not relinquished the custody of his vehicle to the borrower. 'His actions are entirely consistent with his retention of custody and control of his automobile and not with the idea that he had parted with custody and control.'

*State v. Morris,* 460 S.W.2d 624, 627 (Mo. 1972)." *State v. Kent,* 515 S.W.2d at 600. Defendant asserts that the sentence, coupled with the fragment of *Morris* following it, creates an exception, and when the care and custody of the vehicle are in a nonowner that person must testify to the lack of permission. *Kent* does not so hold. The holdings of the three cases in no way support such a rule or exception as the defendant suggests.

Defendant asserts in his argument that a "policy" basis exists for requiring the testimony of the custodian. Cleverly shifting from the obvious case of tampering presented by the facts of this case to one of a third person's innocent use of a vehicle with the permission of the custodian, the defendant argues that the use by a third person with the permission of the custodian is "literally" in violation of the statute. That is not this case, and it is unnecessary to discuss such an issue to dispose of this case.

"Tampering," the charge here made and proven, has been defined in the case law. *State v. Ridinger,* 364 Mo. 684, 266 S.W.2d 626 (1954). The activity of defendant here is precisely the activity in question in *Ridinger,* the removal of a tire and wheel.

The evidence here was sufficient and convincing; the judgment and conviction are affirmed.

All concur.