STATE of Missouri, Respondent,

v.

Willie Murphy WARD, Appellant.

No. 38634.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 5, 1978.

Crouppen, Walther, Zwibelman & Walsh, P. C., Roy A. Walther, III, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Paul R. Otto, Daniel F. Lyman, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Howard Paperner, Asst. Pros. Atty., Clayton, for respondent.

SMITH, Judge.

Defendant appeals his conviction by a jury of operating a motor vehicle without permission of the owner. Sec. 560.175 RSMo 1969. The court, pursuant to the second offender act, sentenced defendant to five years imprisonment. We reverse and remand.

Defendant's first contention is that the state failed to establish that no permission had been given by the owner of the vehicle. Ray Korte left the vehicle in question, a 1973 Cadillac, in the garage at Lambert Airport on July 10, 1975. When he returned to the garage on July 11, the car had been stolen. At the time of the theft the vehicle was titled to a corporation in North Carolina of which Korte was one of three stockholders. Only Korte had keys for the vehicle; it was provided to him by the corporation for his use only; the corporation had no officers or offices in Missouri except himself; he had not given defendant authority to operate the vehicle at any time. Defendant was arrested while driving the car on August 11, 1975. On the day prior, the Iowa National Mutual Insurance Company had paid the title-owning corporation for the loss sustained because of the theft of the car. The title, assigned to the

insurance company, was mailed from North Carolina to Kansas City on August 10. There is no evidence when the insurance company received the title and only Korte testified concerning the question of permission. Defendant did testify and presented several witnesses, all members of his family. The evidence for defendant was that he, had purchased the car in early July, had received a title and obtained a license, and that he believed the automobile belonged to him.

We do not find the evidence insufficient to establish a lack of permission from the owner. It is not necessary that the owner testify to lack of permission if there is evidence of a lack of permission from another source. *State v. Townsend*, 327 S.W.2d 886 (Mo.1959) [5]. Korte's testimony of his relationship to the owning corporation and that the vehicle was furnished for his sole use is sufficient to establish that neither he nor the corporation gave authority to defendant to operate the vehicle on August 11. *State v. Townsend, supra*, [4]. We also believe that the timing and distance involved support a reasonable inference that the insurance company, which could not have received the assigned title before August 11, did not give defendant permission to operate the vehicle before his arrest on August 11. Furthermore, we may consider defendant's testimony in passing on the sufficiency of the evidence. He testified he believed he owned the vehicle because he purchased it from a Mr. Eley in July. This is evidence that defendant had not obtained permission of the insurance company or anyone else because he did not believe he needed to. *See State v. Morris*, 460 S.W.2d 624 (Mo.1970) [1]. We find the evidence sufficient to support the conviction.

Defendant's remaining point is that the trial court erred in failing to grant a mistrial as a result of the following questions by the prosecutor and answers by a policeman, appearing as a state's witness:

"Q. Did you ever arrest him for operating a motor vehicle without the consent of the owner?

A. After I returned to the station, I informed him of what we had discovered and arrested him for that.

Q. What did he say, then?

A. He didn't say anything.

Q. Did he ever tell you he would produce title for you?

A. In our earlier conversation.

Q. Did he tell you he was going to produce title when you told him he was under arrest for operating a motor vehicle without consent of the owner?

A. No, sir."

Defendant objected and requested a mistrial. The trial court sustained the objection, admonished the jury to disregard, but denied the mistrial. The earlier conversation referred to followed defendant's arrest by the policeman for operating a vehicle while his license was suspended. Defendant had at that time told the officer his auto papers were at home and his father could bring them in. The questioning complained of referred to occurrences after the police had obtained further evidence against defendant and placed him under arrest for the felony for which he was tried.

We must confess our mystification at why the prosecutor sought to establish the failure of defendant to make an exculpatory statement following his arrest in view of the cases in Missouri holding such evidence to be plain error requiring a new trial. *See State v. Stuart*, 456 S.W.2d 19 (Mo.banc 1970); *State v. Benfield*, 522 S.W.2d 830 (Mo.App.1975). The only purpose of the questioning was to present to the jury the defendant's failure to make an exculpatory statement following his arrest on the felony charge. This failure was highlighted by his prior statement after arrest on the lesser charge. Defendant was under no duty to speak and his failure or refusal to do so may not be used as evidence against him. This is fundamental and basic constitutional law. The evidence against defendant was far from overwhelming and the questions and answers may well have tipped the balance against defendant. The

court's admonition to the jury to disregard the testimony was insufficient to remove the prejudice. Only the mistrial requested by defendant was sufficient to do that. *State v. Benfield, supra,* [10].

Judgment reversed and cause remanded for new trial.

CLEMENS, P. J., and McMILLIAN, J., concur.