STATE of Missouri, Respondent,

v.

Clifford L. WHITE, Appellant.

No. WD 53481.

Missouri Court of Appeals,
Western District.

June 24, 1997.

---

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Clifford L. White appeals his jury-tried conviction in the Circuit Court of Callaway County for tampering in the first degree, § 569.080.1(2),[1] for which he was sentenced to five years of imprisonment. Appellant was charged with knowingly possessing a motor vehicle without the consent of the owner, Westminster College. In his sole point on appeal, appellant claims that the evidence was insufficient for a reasonable jury to convict him of tampering as charged, in that there was no evidence to establish the requisite element that he did not have the consent of the "owner" to possess the vehicle, and thus, the trial court erred in failing to sustain his motion at the close of the State's evidence for a directed verdict of acquittal.

We affirm.

## Statement of Facts

Ralph Young (Young) was a teacher and football coach at Westminster College in Fulton, Callaway County, Missouri. On or about January 30, 1996, as part of his official duties as the football coach, he took a recruiting trip to Lenexa, Kansas. On the trip, he was

given permission by the admissions office of the college to use a blue 1995 Ford Taurus belonging to the college.

While in Lenexa on the recruiting trip, Young, because it was very cold outside, started the Taurus so it could warm up, leaving it running outside his hotel room. When he went back outside to leave, he found the vehicle missing and reported it stolen to the local police. Young testified at trial that he never gave permission to the appellant or anyone else to use the 1995 Taurus.

On or about January 31, 1996, Trooper Candy Cornman of the Missouri Highway Patrol observed a blue 1995 Ford speeding on I–70 in Callaway County, Missouri. She identified the appellant as the driver of the vehicle, although when she finally caught up to the vehicle, the appellant was not behind the wheel. She did, however, witness him running around the vehicle when she was approaching it. After running a computer check on the vehicle, she found it had been reported stolen by Young. The trooper testified that the Taurus bore Kansas plates at the time of its stop in Callaway County, although Young testified at the time it was taken it bore Missouri personalized plate "WC6."

After a jury trial in the Circuit Court of Callaway County before the Honorable Gene Hamilton, the appellant was convicted of the class C felony of tampering in the first degree for possessing the 1995 Ford Taurus without Westminster College's consent and was subsequently sentenced to five years imprisonment. This appeal followed.

## Standard of Review

In a criminal case where the claim is the evidence being insufficient to support the conviction, our appellate review is limited to determining whether from the evidence reasonable jurors could have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993); *State v. Garrison*, 896 S.W.2d 689, 690 (Mo.App.1995).

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

"In determining the sufficiency of the evidence, we accept as true all evidence favorable to the verdict, including all favorable inferences drawn from the evidence and disregard contrary evidence and inferences. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). We do not weigh the evidence. *State v. Villa–Perez,* 835 S.W.2d 897, 900 (Mo. banc 1992). We do not determine credibility of the witnesses. *State v. Middleton,* 854 S.W.2d 504, 506 (Mo.App.1993)."

*State v. Lopez,* 898 S.W.2d 563, 568 (Mo.App. 1995).

## I.

■ In his sole point on appeal, appellant challenges the sufficiency of the evidence to support his conviction for tampering in the first degree, § 569.080.1(2). Section 569.080.1(2) provides:

1. A person commits the crime of tampering in the first degree if:

.        .        .        .        .

(2) He knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof.

Appellant contends that the State failed to present sufficient evidence to satisfy the requisite element of tampering that he did not have the consent of the "owner," Westminster College, to possess the vehicle. We disagree and affirm.

In order to obtain a conviction for tampering under § 569.080.1(2) as charged, the State was required to prove that appellant possessed the 1995 Taurus without the owner's consent. § 569.080.1(2). Appellant recognizes that the "title" owner of the vehicle in this case was not an individual, but a legal entity, Westminster College. In this respect, he contends that the only individuals who could testify as to the lack of consent to possess the vehicle would be agents of the college who had the authority to consent to its use. Appellant argues that in this case the only person who testified as to a lack of consent was Young, and that he did not

possess the necessary authority as to the Taurus to establish by his testimony the lack of consent by the owner, Westminster College. This argument is without merit.

■ The proof of a lack of consent under § 569.080 is not limited to the testimony of the title owner, but may be provided by the testimony of the person who had the exclusive use and possession of the vehicle at the time of the alleged tampering. *State v. Williams,* 585 S.W.2d 535, 536 (Mo.App. 1979); *State v. Ward,* 571 S.W.2d 773, 775 (Mo.App.1978). In this respect, the court in *Ward,* held that: "[The witness'] testimony of his relationship to the owning corporation and that the vehicle was furnished for his sole use is sufficient to establish that neither he nor the corporation gave authority to defendant to operate the vehicle...." *Ward,* 571 S.W.2d at 775. Likewise, in *Lopez, supra,* this court held that:

The established rule is that ownership of stolen property may be established either by the actual owners, ... or the one rightfully in possession, ... and a showing that the property was taken from the one who had charge and control of the property. *State v. McCoy* 647 S.W.2d 862, 864 (Mo. App.1983). The lawful control and custody of property is a sufficient attribute of ownership to support the claim and proof of ownership. *Id.*

*Lopez,* 898 S.W.2d at 568. Thus, the question for us to answer is whether in viewing the evidence in a light most favorable to the verdict of guilty, Young had sufficient control and custody of the 1995 Ford Taurus to allow the State to establish through his testimony the lack of consent required for conviction of appellant of tampering in the first degree under § 569.080.1(2).

Here, the evidence was uncontroverted that Young was given permission by the college to take the Taurus for use on a football recruiting trip to Lenexa, Kansas. No one accompanied him on the trip. On January 30, 1996, while on this trip, the Taurus was taken from outside Young's hotel room without his permission. At the time, the Taurus bore Missouri personalized plate "WC6." The vehicle was later stopped for speeding on January 31, 1996, in Callaway County, Mis-

souri, by State Trooper Candy Cornman bearing Kansas plates. The trooper identified appellant as the person driving the Taurus when she passed it going the opposite direction, although he was not behind the wheel when she came upon it stopped on the shoulder after giving pursuit. The trooper testified she had seen appellant running around the stopped Taurus as she approached. Under these facts, we find that there was sufficient evidence to find that Young had the necessary custody and control of the Taurus to allow the State to establish through his testimony the lack of consent of the owner, Westminster College, necessary to sustain appellant's conviction for tampering in the first degree, § 569.080.1(2). As such, we find the State made a submissible case and the trial court did not err in overruling appellant's motion for a directed verdict of acquittal at the close of the State's evidence.

Point denied.

### Conclusion

Appellant's judgment of conviction for tampering in the first degree, § 569.080.1(2) is affirmed.

All concur.